UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDREMA M. PITTS,

                              Plaintiff,

     v.                                                **DECISION AND ORDER**
                                                               08-CV-708S
MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

      1.      Plaintiff Edrema M. Pitts challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since October 1, 2004, due to back, neck, and leg pain. (R. at 83, 480.) Plaintiff contends that her impairments render her unable to work and, therefore, asserts that she is entitled to disability benefits under the Act.

      2.      Plaintiff filed an application for Disability Insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI") on June 21, 2005. (R. at 83-85, 480-83.) Her application was denied initially, after which she requested a hearing before an ALJ. That hearing took place on March 18, 2008. (R. at 486-507.) The ALJ considered Plaintiff's case *de novo*, and on May 8, 2008, issued a decision denying Plaintiff's application for benefits. (R. at 13-26.) On July 25, 2008, the Appeals Council denied Plaintiff's request for review. (R. at 3-5.) Plaintiff filed the current civil action challenging Defendant's final decision on September 24, 2008.[1]

---

[1] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review.

3. The parties subsequently filed Motions for Judgment on the Pleadings.[2] After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on July 17, 2009. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence

---

[2] Defendant filed his motion on May 7, 2009, while Plaintiff filed her motion on May 15, 2009. (Docket Nos. 6 and 10.)

may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

      6.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

      7.      This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since July 1, 2004 (R. at 15); (2) Plaintiff's impairments are "severe" impairments within the meaning of the Act (R. at 15-16)[3]; (3) Plaintiff's impairments do not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 404 (R. at 16-18); (4) Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with certain restrictions (R. at 18-24); and (5) although Plaintiff is unable to perform any of her past relevant work, she is able to perform work that exists in significant numbers in the national economy (R. at 25-26). The ALJ therefore concluded that Plaintiff was not disabled. (R. at 26.)

---

[3] Specifically, the ALJ found that Plaintiff's "back pain status post surgery (August 2, 2005), obesity (five feet, four inches tall; 303 pounds), an adjustment disorder, and major depressive disorder (20 CFR 404.1520(c) and 416.920; SSE 02-p(c)" were "severe" impairments. (R. at 15.)

4

10. Plaintiff advances seven challenges to the ALJ's decision. First, Plaintiff argues that the ALJ erred by failing to re-contact Drs. Meliton Tanhehco, Jennifer Adamson, David Bagnall and Eugene Gosy "for more specific medical interpretations of why Plaintiff was 'disabled.'" (Pl.'s Mem., p. 8.)[4] Plaintiff focuses her challenge on the ALJ's treatment of the opinions of Drs. Adamson and Tanhehco. In particular, Plaintiff contends that the "well founded opinions" of Drs. Adamson and Tanhehco were entitled to great weight, and that they should have been recontacted before the ALJ cursorily rejected them. (Id. p. 7.) Additionally, Plaintiff assumes that the ALJ's basis for rejection was his inability to ascertain the bases of the opinions. (Id.) ("If the ALJ was unable to ascertain the basis for these opinions, he should have recontacted . . .").

Recontacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of record. 20 C.F.R. § 404.1512(e). Additional evidence or clarification is sought when there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1512(e)(1); Rosa v. Callahan, 168 F.3d 72, 80 (2d Cir. 1999); Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998).

Having reviewed the evidence at issue, this Court finds that the ALJ was under no obligation to recontact Plaintiff's medical providers. As an initial matter, the ALJ did not cursorily reject the opinions of Drs. Adamson and Tanhehco but carefully explained why their opinions were not granted much weight. For example, the ALJ reasoned that "little weight" was given to Dr. Adamson's reports because she did not treat Plaintiff for back pain

---

[4] Referring to Plaintiff's Memorandum of Law. (Docket No. 10.)

or mental health issues, and her medical opinions regarding those impairments were not within her area of expertise. (R. at 24.) Additionally, the ALJ gave "no weight" to Dr. Tanhehco's February 2007 report because it was completed after only one session with Plaintiff, was based upon Plaintiff's subjective complaints, which the ALJ found to be not credible, and was inconsistent with Dr. Tanhehco's own treatment notes. (R. at 24.) Thus, there is no evidence indicating that the ALJ was unable to ascertain the bases of these opinions.

Moreover, this Court finds that there was sufficient evidence in the record from which the ALJ could make a disability determination. For instance, the ALJ not only weighed the medical opinions of Drs. Adamson, Tanhehco, Bagnall, and Gosy, but also expressly considered the opinions of Drs. Christopher Hamill, Christine Holland, Christopher Pino, Thomas Ryan, Jerry J. Tracy, III, and George Alexis Sirotenko. (R. at 18-24.) Upon consideration of these opinions, the ALJ did not find any of them to be ambiguous, but rather, found that they supported the same conclusion: that Plaintiff was not disabled. Accordingly, this Court finds no reversible error in the ALJ's treatment of the medical opinions at issue.

11. Second, Plaintiff argues that the ALJ erred by "failing to provide any reasons, much less good cause, for his [] rejection of the opinions and assessments of [her treating physicians]." (Pl.'s Mem., p. 10.) According to Plaintiff, the case must be remanded so that the ALJ can properly weigh the opinions of Drs. Adamson, Tanhehco, Bagnall, and Gosy, all of whom allegedly qualify as her treating physicians. (Id. p. 12.)

Generally, "the Social Security Administration is required to explain the weight it gives to the opinions of a treating physician." Snell v. Apfel, 177 F.3d 128, 132 (2d Cir.

6

1999) (emphasis added). A treating physician or source is a doctor with whom the plaintiff has "an ongoing relationship." See C.F.R. §§ 404.1502, 416.902. Social Security Ruling 96-2p provides that:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

Here, because Dr. Tanhehco saw Plaintiff only once, he is not considered a treating source. See 20 C.F.R. §§ 404.1502, 416.902; see also Garcia v. Barnhart, No. 01 Civ. 8300, 2003 WL 68040, at 5 n. 4 (S.D.N.Y. Jan. 7, 2003) (holding that doctors who see a patient only once do not have a chance to develop an ongoing relationship with the patient, and therefore are not generally considered treating physicians) (citing cases). Accordingly, the ALJ was under no obligation to specifically explain the weight accorded to Dr. Tanhehco's opinion pursuant to SSR 96-2p.

Although Drs. Adamson, Bagnall, and Gosy qualify as Plaintiff's treating physicians, this Court finds no error in the ALJ's treatment of their opinions. First, as indicated above, the ALJ specifically explained his reasons for extending little weight to Dr. Adamson's opinion. (R. at 24.) Second, Dr. Adamson's opinion appears inconsistent with the medical evidence of record, including the opinions of Dr. Bagnall, Plaintiff's surgeon who opined that Plaintiff could return to work part-time (R. at 466), and Dr. Gosy, Plaintiff's pain management specialist who stated that Plaintiff could sit, stand and walk for a total of three hours each in an eight-hour work day (R. at 233). See 96-2p (a treating source's opinion cannot be given controlling weight if it is inconsistent with other evidence). Lastly, the ALJ explained that the opinions of Drs. Bagnall and Gosy, who have a longstanding relationship

7

with Plaintiff, were entitled to greater weight than those of Drs. Adamson and Tanhehco. (R. at 24.) Thus, by specifically explaining the weight given to the respective doctors' medical opinions, this Court finds the ALJ complied with the requirements of SSR 96-2p. Accordingly, this Court finds no error.

12.  Third, Plaintiff argues that the ALJ erred by substituting his opinion for that of the medical experts, specifically, the opinions of Drs. Adamson and Tanhehco. (Pl.'s Mem., pp. 12-13.) It is well-settled that the ultimate determination of whether a plaintiff meets the statutory definition of disability is reserved to the Commissioner. See 20 C.F.R. § 404.1527(e)(1). Here, the ALJ did not substitute his judgment for that of the medical professionals. Rather, the ALJ carefully reviewed and weighed the medical evidence of record. The ALJ explained why the opinions of Drs. Adamson and Tanhehco were not granted as much weight as the opinions of the other medical professionals. Then, after carefully setting forth the supporting medical evidence, the ALJ ultimately determined that Plaintiff did not meet the statutory definition of disability. Accordingly, this Court finds that the ALJ did not substitute his own medical opinion for that of the medical providers, but rather, fulfilled his statutory obligation.

13.  Fourth, Plaintiff argues that the ALJ erred by improperly assessing her RFC. (Pl.'s Mem., pp. 13-17.) The ALJ found that Plaintiff possessed the RFC to perform the exertional limitations of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). (R. at 18.)[5] The ALJ also held that Plaintiff required a sit/stand option, and

---

[5] 20 C.F.R. §§ 404.1567(a) and 416.197(a) both state:
Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are

was limited in the use of her upper extremities, unsupported forward extension, and rapid repetitive motion. (R. at 18.) Plaintiff argues that "there is no medical evidence whatsoever which supports the ALJ's residual functional capacity assessment." (Id. p. 14.) Plaintiff largely relies on the opinions of Drs. Adamson and Tanhehco (Id. pp. 15-16) and argues that the ALJ "arbitrarily reject[ed] [this] uncontroverted medical testimony" (Id. p. 15).

"The Commissioner defines RFC as a claimant's 'maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis ... 8 hours a day, for 5 days a week, or [on] an equivalent work schedule.'" Sorensen v. Commissioner of Social Security, No. 3:06 Civ. 554, 2010 WL 60321, at *8 (N.D.N.Y. Jan. 7, 2010) (quoting SSR 96-8p, 1996 WL 374184, at *2 (S.S.A. July 2, 1996) (emphasis omitted)). The ALJ must consider all the relevant evidence in the record, "including the claimant's physical abilities, mental abilities, and symptoms, pain, and other limitations which could interfere with work activities on a regular and continuing basis." Sorensen, 2010 WL 60321, at *8 (citing 20 C.F.R. § 404.1545).

In making an RFC assessment, the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." SSR 96-8p, 1996 WL 374184, at *1, 3; see also 20 C.F.R. §§ 404.1545(b)-(d), 416.945(b)(d). "The ALJ must specify which functions the claimant is able to perform and may not "simply mak[e] conclusory statements regarding [the claimant's] capacities." Sorensen, 2010 WL 60321, at *8 (citing LaPorta v. Bowen, 737 F. Supp. 180, 183 (N.D.N.Y. 1990). Then, after assessing the plaintiff's functional limitations and

---

required occasionally and other sedentary criteria are met.

abilities, the ALJ categorizes the RFC into exertional levels of work, e.g., "sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1.

Here, this Court finds that the ALJ complied with the requirements for evaluating Plaintiff's RFC. For instance, upon consideration of her ability to perform sustained work activities on a regular basis, the ALJ weighed all of the relevant evidence of record. He noted Dr. Gosy's opinion that, in an eight-hour workday, Plaintiff could sit, stand, and walk for three hours each. (R. at 18, 233.) He also noted Plaintiff's statement that she could walk at least two miles before she had to stop and rest for 10 minutes, at which time she could continue walking. (R. at 23, 147.)[6] Additionally, the ALJ referred to Dr. Ryan's opinion that Plaintiff's concentration and attention was only mildly impaired. (R. at 20.) All of this evidence is consistent with a sedentary categorization. See 20 C.F.R. §§ 404.1567(a) and 416.967(a).

To the extent Plaintiff argues that the opinions of Drs. Adamson and Tanhehco, which support greater restrictions than those found by the ALJ, were arbitrarily rejected, this Court has already upheld the ALJ's decision to extend little to no weight to these opinions. Accordingly, this Court finds that the ALJ's RFC determination is supported by substantial evidence, and rejects Plaintiff's fourth challenge.

14. Fifth, Plaintiff argues that the ALJ did not properly assess her subjective complaints. (Pl.'s Mem., pp. 17-19.) Plaintiff argues two grounds in support. First, she contends that her complaints should have been given great weight because the objective medical evidence supports her claims. Second, she argues that the ALJ erred by not

---

[6] Plaintiff also stated that she could sit for one hour without having to change positions, and stand for one-to-two hours at a time. (R. at 495.)

10

complying with SSR 96-7p, which sets forth a number of factors for the ALJ to consider when making a credibility determination.

Credibility determinations are generally reserved to the Commissioner, not the reviewing court. Aponte v. Sec'y of Health and Human Svcs., 728 F.2d 588, 591 (2d Cir. 1984) (holding that it is the job of the Commissioner and not the reviewing court to make determinations on the credibility of witnesses); Carrol v. Sec'y of Health and Human Svcs., 705 F.2d 638, 642 (2d Cir. 1982) (similar).

After fully reviewing the ALJ's decision, this Court finds that both of Plaintiff's arguments lack merit. With respect to her first argument, Plaintiff has failed to demonstrate how her subjective complaints are supported by the objective medical evidence. Plaintiff's conclusory statement that her complaints are consistent with the record as a whole does not convince this Court otherwise. In fact, to support this argument, Plaintiff largely relies on the opinions of Dr. Adamson, which the ALJ extended little weight for the reasons previously mentioned.

With respect to Plaintiff's second argument, SSR 96-7p requires the ALJ to consider, among other things, the plaintiff's daily activities, any aggravating factors, and any measures used to relieve the pain. SSR 96-7p, 1996 WL 374186, at *2. SSR 96-7p also states that, "[w]hen evaluating the credibility of an individual's statements, the adjudicator must consider *the entire case record* and give specific reasons for the weight given to the individual's statements." 1996 WL 374186, at *4 (emphasis added).

There is no doubt that the ALJ complied with SSR 96-7p. In his detailed, four-page analysis of Plaintiff's credibility, the ALJ discussed how her daily activities are not indicative of someone who is totally disabled. Specifically, the ALJ noted that Plaintiff is able to care

for her five year-old son, perform some household chores, and care for her personal needs. (R. at 23.) In terms of pain relief, the ALJ also noted that Plaintiff has been noncompliant in terms of taking her medications, receiving regular medical treatment and counseling, cigarette cessation, and weight loss recommendations. (R. at 23-24.) Lastly, despite numerous positive tests for marijuana, Plaintiff has repeatedly denied using the illegal substance. (R. at 23-24.) Accordingly, this Court finds that the ALJ's credibility determination is supported by substantial evidence.

15. Sixth, Plaintiff argues that her daily activities are not inconsistent with a finding that she is disabled. (Pl.'s Mem., pp. 20-21.) She also contends that the activities in which she engaged were not done in a manner "even remotely comparable with full-time sustained employment." (Pl.'s Mem., p. 20.)

This Court is not persuaded. As discussed above, the ALJ discussed how her daily activities are inconsistent with a finding of total disability. Plaintiff's arguments to the contrary are largely based on her subjective complaints (Pl.'s Mem., pp. 20-21), which the ALJ properly rejected because he found that she lacked credibility. Accordingly, this Court finds no error.

16. Finally, Plaintiff argues that the ALJ did not properly evaluate how her obesity impacts her RFC. (Pl.'s Mem., pp. 20-21.) However, this Court finds that the ALJ properly considered her obesity when assessing her RFC. Specifically, although the ALJ found that her obesity constitutes a severe impairment and may cause some restrictions in her range of motion, he determined that such restrictions were not great enough to support a finding

12

that she lacked the RFC to perform sedentary work. (R. at 22-23.)[7] Although Plaintiff may disagree with the ALJ's RFC determination, it cannot be said that the ALJ failed to consider her obesity in this context. Accordingly, this Court finds no error.

17. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking similar relief.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: January 31, 2010
       Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            Chief Judge
                                            United States District Court

---

[7] The ALJ also noted that Plaintiff has not been compliant with regard to her recommendations for diet and exercise. (R. at 23.)